RAMÓN CARLO QUIÑONES, demandante y apelante, *v.* E. K. JUNGHAMS, demandado y apelado.

No. 6097.—*Sometido:* Enero 16, 1934. *Resuelto:* Septiembre 29, 1944.

*M. Cruz Horta,* abogado del apelante; *Wilson P. Colberg,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Una casa y solar fueron vendidos en procedimiento eje-

cutivo sumario y el acreedor hipotecario obtuvo un auto de posesión. El dueño de la casa y solar inició pleito ante la corte municipal por el importe del hogar seguro y acudió a la corte de distrito en solicitud de un *injunction* para que se prohibiera al acreedor hipotecario que continuara el procedimiento sin depositar primeramente la suma de $500. Se libró un auto de *injunction* preliminar que luego fué disuelto al prestar una fianza el acreedor hipotecario. Posteriormente la corte de distrito se negó a expedir un *injunction* permanente y el peticionario apeló. Éste alega:

"1.—La Corte de Distrito cometió error al revocar el *injunction* preliminar dictado en este caso, impartiendo su aprobación a la fianza ofrecida por el demandado apelado.

"2.—La Corte de Distrito cometió error al estimar que la finca envuelta en este litigio fué vendida al demandante apelante y a su esposa 'sujeta también al pago del gravamen que ya pesaba sobre la finca, incluyendo todas las obligaciones del contrato constituídas.'

"3.—La Corte de Distrito cometió error al resolver que la doctrina establecida por el caso de Lassalle vs. Valencia, 39 D.P.R. 612, no es aplicable al caso de autos.

"4.—La Corte de Distrito cometió error al decidir que al resolver en el procedimiento de *injunction* solicitado la existencia o no existencia de un derecho real (derecho de Hogar Seguro) es una cosa ajena al procedimiento de *injunction*, y que este alto tribunal ya ha resuelto que el derecho de Hogar Seguro debe reclamarse en las cortes municipales.

"5.—La Corte de Distrito cometió error al resolver que de concederse el *injunction* solicitado se estaría paralizando el procedimiento ejecutivo hipotecario por un fundamento que no está expresamente consignado ni en la ley ni en el artículo 175 del reglamento de la ley hipotecaria. Que el procedimiento ejecutivo hipotecario termina con la posesión material de la finca ejecutada y que todas las reclamaciones que se entablen deberán ventilarse en el juicio plenario correspondiente, que en este caso sería el procedimiento especial que señala la ley para la reclamación del derecho de Hogar Seguro en las cortes municipales.

"6.—La Corte de Distrito cometió error al decidir que en un procedimiento de *injunction* como el solicitado en este caso, la Corte no podría determinar si el derecho de Hogar Seguro puede perjudicar

a un gravamen hipotecario constituído con anterioridad a la fecha en que adquirió la finca el demandante.

"7.—La Corte de Distrito cometió error al declarar sin lugar la petición de *injunction* en su fondo."

██ ██ La hipoteca había sido otorgada por un dueño anterior de la finca. Nada hay que demuestre que la propiedad por aquella época participara de la naturaleza de un hogar seguro. Por el contrario, aparece que el dueño tomó dinero a préstamo para terminar la construcción de la casa. El hogar seguro no está exento de ejecución de una hipoteca otorgada para garantizar el pago de dinero tomado a préstamo para tal fin. *Vigo* v. *Ojeda*, 45 D.P.R. 84.

El dueño anterior lo era J. Hernández Hnos. No aparece afirmativamente si J. Hernández Hnos. era una razón social. Nada hay que demuestre que J. Hernández Hnos. o alguna otra persona, con anterioridad a la fecha en que el peticionario adquirió la finca, jamás la ocupara como un hogar seguro.

El peticionario compró la propiedad sujeta a la hipoteca. Si la adquirió como un hogar seguro ya establecido, su posición no era mejor que la de la persona de quien compró. Tampoco podría vencer una hipoteca ya existente, estableciendo posteriormente un hogar seguro, si el mismo no existía al tiempo en que se constituyó la hipoteca. Si la subasta efectuada en ejecución de hipoteca no era "una venta hecha para obligar al pago de . . . . la deuda o gravamen incurrido para lo compra de" la finca dentro del significado de la sección cuarta de la ley (Estatutos Revisados de 1911, sección 1003,) ella fué "una venta hecha para obligar al pago de . . . . la deuda o gravamen incurrido . . . . para las mejoras que en ella se hicieron." Sea ello como fuere, la corte de distrito no cometió error al negarse a expedir un *injunction* permanente, y las otras cuestiones suscitadas por el apelante resultan académicas.

*La sentencia apelada debe ser confirmada.*